Good morning, Your Honors. May it please the Court, Deputy Federal Public Defender Jonathan Amanoff on behalf of the petitioner appellant and also the move-in in this case, Hollins Tizeno. Your Honors, a few things to discuss this morning. I would like to begin with the certified procedural default issue, followed by the actual innocence issue and the related motion to remand. And I do intend to reserve my final two minutes for rebuttal. Okay, you keep eye on the clock. We'll try to help you. Thank you, Your Honor. Your Honor, this Court held in Bennett v. Mueller that the burden is on the State to raise procedural default in the first instance. Only after the State raises this affirmative defense does the burden shift to the petitioner to establish the, to put the procedural default at issue. And then the ultimate burden shifts back to the State to establish that it is, in fact, adequate and independent to bar relief. In this case, the procedural bar at issue did not come up until the magistrate judge issued his report and recommendation. I objected at that time to that procedural bar being levied against Mr. Tizeno, and only then did the State raise that procedural bar in its response to my objections, which was literally the last pleading filed in the District Court. So your objection here is that the judge, Sue Esponte, raised the bar. Do you have any evidence that that was improper or an abuse of discretion? Yes, Your Honor. What is that? So I would cite the Court to Boyd v. Thompson, where this Court found that it was appropriate for the District Court to raise the bar. But at the point, at that point the District Court had raised it pre-answer, and they spoke to three factors to determine whether it was appropriate for the District Court to Sue Esponte raise the bar. And those three factors were whether the bar was obvious from the face of the petition, which in this case I would argue it certainly was not, as it didn't come up for the first time until three years into this litigation. With respect, counsel, I thought that your client conceded in his opposition to the State's motion to dismiss that his claims were barred due to California's procedural rules regarding peace bill presentation of claims. In addition, the magistrate published the recommendations to the District Court, and that provided notice of the procedural bar. So your client wasn't sandbagged. I mean, he had the opportunity to respond, did he not? Well, respectfully, Your Honor, I would say he didn't adequately have an opportunity to respond. In the first instance, with respect to your first point, I want to be really clear that Mr. Tisno conceded the procedural bars only to the extent in support of his argument that exhaustion was futile. So initially he had filed a pro se petition which was unexhausted, and when the AG filed a motion to dismiss, he offered to concede the procedural bars to move on with the case. But isn't that the same issue? I don't think it is, Your Honor, because, again, the bar was not at issue, and the Attorney General rejected that offer as premature and speculative. Again, and what we offered to concede to was timeliness and the successive bar. Now, timeliness was not invoked. That's not the bar that the California Supreme Court invoked. The bar that they did invoke was repetitious or piecemeal. Now, the repetitious bar is not adequate and independent to bar relief. That's why this issue needed to be briefed below, because the District Court just sort of summarily found that these claims were procedurally defaulted as either repetitious or piecemeal. But to the extent that the repetitious bar was invoked, that's not a valid procedural default, and there is Supreme Court authority on that, and that's Yilst v. Nonemaker. Going back to the factors that the Court looks at when considering whether a District Judge has validly raised this issue, in addition to whether it's obvious from, well, as part of the first factor, whether it's obvious from the face of the petition, refer the Court to the Vang v. Nevada decision, where this Court found that... That's a District Court case. No, it's a Ninth Circuit case. Vang v. Nevada. Yes. Yeah. And in that case, this Court found that it was inappropriate for the District Court to sua sponte raise the bar, because the bar was not obvious from the face of the petition. And specifically, they were talking about the same bar invoked here, whether the claims at issue should have been raised earlier. And this Court found that it was not obvious from the face of the petition, because you had to look back through when the claims had been raised. With respect to the second factor, that factor is whether sua sponte raising the bar furthers the interests of comity, federalism, and judicial efficiency. The Vang court looked to reasons why the State had not previously raised the bar. I don't see any real justification why the State did not raise the appropriate bar in this case. There are no extraordinary circumstances, no reason why that wasn't raised earlier, and this litigated when it should have been litigated. Let's just argue, Wendell. Let's say you're right about the bar. You still have to get around the schlup issue, right? Not necessarily. If schlup is right, if you can prove schlup, then you don't have to worry about the bar. If you can't prove schlup, you've got a problem, right? Not necessarily, Your Honor. If the court finds that the bar is waived, you can send me back down to district court for a merits determination on the case. And if you grant my motion to remand, we have a very viable Brady claim, which I would like to discuss if the court's willing. So speaking to our motion to remand, we discovered after I filed the opening brief in this case that the lead detective in this case had been involved in some very serious misconduct in the second case that occurred pre-trial. Not this case, but another case, right? He had been involved in a separate case. The individual in that case's name was Andrew Wilson. And in the Andrew Wilson case, which was tried eight years before Mr. Tisno's case, we learned that Detective Marks had influenced an identification by a teenaged female witness, the same type of witness as what we have in this case. He then concealed the fact that he had influenced that identification, which contradicts his deposition testimony in this case. He then made payments to that witness, and then failed to disclose those payments. He was personally responsible for disclosing those materials to the defense, and it seems that he deliberately denied. That was in a case eight years previous? Eight years previous to Mr. Tisno's trial. So all of that material should have been made known to Mr. Tisno, especially considering how shaky the identifications were in Mr. Tisno's case. Counsel, what's the standard of review for a schlup claim? Is it abuse of discretion, or is it de novo? It's not entirely clear. It appears to be de novo, and that's the position that both parties have taken in this case. There is case law saying it's de novo, but there's also, I believe it's Stewart versus Kate that expressed a little bit of doubt as to whether de novo is the appropriate standard. Speaking just further to the motion to remand, this information about Detective Marks was incredibly important to the defense in this case, because what ultimately the defense could not establish at trial is why the eyewitness would have falsely implicated Mr. Tisno in this crime. And what we With respect, counsel, I get your point that this guy, from your perspective, has a record of doing things in a way that you think is somewhat relevant to this case. But in this case, when we review schlup and we review the witness and her change testimony, the judge had to determine whether it was unreliable and not credible, right? That's the standard. Yes, Your Honor. Having nothing to do with the case eight years before with the other counsel. And that's why my motion to remand is actually separate from the schlup showing. I believe the case should be remanded to allow me to amend a Brady claim into the petition. I see. Yes, Your Honor. I see my time is winding down. If I could reserve. Thank you. Good morning, Your Honors. May it please the Court. Deputy Attorney General Dana Muhammad Ali on behalf of Respondent. I'd like to first address the procedural default issue. As to that claim, I would like to answer Judge Smith's question about if this Court decides that the procedural default issue doesn't apply, the remedy isn't that Tisno gets to have his claims heard on the merits. And therefore, even if this Court finds that the state didn't meet their burden, no procedural default applies, Tisno cannot overcome, he cannot meet the schlup standard to have his claims heard on the merits, because those claims are still barred by the statute of limitations. So in other words, he would probably argue, and I know you're going to have an answer for this, he would probably argue that under Martinez, he can show cause and prejudice and therefore it's not barred. What's your response to that? Well, under Martinez, as the District Court found, is that Martinez only applies to defaulted ineffective assistance of counsel claims. And Tisno has not raised any ineffective assistance of counsel claims here, so Martinez has no applicability whatsoever. He only represented himself in the first state claim, right? He did not, actually. He had representation in all of his state habeas petitions, he's had representation. Interesting. Yes. I thought the record said to the contrary. No. So at no point did he represent himself alone? No. No, he did not. He did not. As far as the procedural default argument, Tisno had notice in this case because the state met its burden of pleading an adequate and independent state law ground with its citation to Clark. And at least as of the time that the report and recommendation was issued by the magistrate judge, Tisno was on notice about the specific timeliness bar that was being applied to his case, which here was the piecemeal bar. It was never the repetitious bar. The only type of procedural bar that Tisno has tried to rebut the adequacy of in this case, whether it was in the District Court or here, is the repetitious bar, and we've never invoked the repetitious bar, nor has the magistrate judge. And that is because the repetitious bar only applies to claims that were previously raised in the California Supreme Court. And the whole point of Tisno returning to the California Supreme Court was to raise claims for the first time that he'd never previously raised there. So clearly the bar that applies here is the piecemeal bar. Did the state raise that bar as an affirmative defense? We did, Your Honor, and let me explain why. Clark, we cited to Clark, we cited to the specific pinpoint sites that the California Supreme Court imposed here, and we called it a timeliness bar, and that's not incorrect, because Clark is a case about timeliness. This Court has recognized that Clark generally stands for the proposition of the timeliness bar, and the piecemeal bar is a way of being untimely. So you can't have a piecemeal bar and you can be untimely without being piecemeal, but you can never be piecemeal without being untimely. And that's because in Clark, at page 770, it says a successive petition presenting piecemeal claims is by necessity a delayed petition or an untimely petition. So the state... From your perspective, what the magistrate judge talked about was just kind of part and parcel of the whole thing, right? That's correct, Your Honor, and actually the magistrate judge just identified a more specific way of being untimely here, which was piecemeal. We've always identified the correct pages in our citation to Clark, and even with our citation to Walker v. Martin, that case discusses Clark and untimeliness, but for the same reasons that Walker found that the untimeliness bar is independent and adequate, the piecemeal bar is also independent and adequate for those same reasons. Even if this court finds that the state did not meet its burden, it was appropriate for the magistrate judge to raise the bar sua sponte, and this was because Tisno had notice and a fair opportunity to be heard. In his objections, he only addressed the repetitious bar and tried to repudiate the adequacy of that bar, and he was not able to do so. Well, he was not able to, he never addressed the piecemeal bar. He only addressed the repetitious bar, so because he failed to meet his burden under Bennett, it was appropriate for the district court to find his claims procedurally defaulted. As far as the actual innocence issue, Judge Christensen asked what the standard of review was for an actual innocence claim. It is de novo, however, factual findings are reviewed for clear error. We had an evidentiary hearing here, and the magistrate judge was able to observe the demeanor of the witnesses, and specifically the witness at issue here, the star witness of the actual innocence claim that Tisno put forth, Bianca Logie, and found her to be utterly without any credibility. And because Tisno has conceded that that witness is incredible, he, the actual innocence inquiry fails, ends, and he can't meet the demanding schlup standard of presenting new, reliable, and credible evidence of actual innocence. I'm sorry, go ahead, Judge. I understand the notion of deferring to the fact finder, but I'm just curious, what was it about this witness that you believe, were you part of the hearing in the underlying? I was part of the discovery. I was not present at the hearing, but I've read the transcript, and I know what our arguments are about that. I'm just curious, why do you think the judge found this witness to be lacking in credibility? Well, because she had changed her recantation several times. There were several reasons that the magistrate judge gave in his report and recommendation as to finding her utterly without credibility. The delay in her recantation, her demeanor. How many years was it, eight years? It was longer than that. Even when she had recanted, she had changed her story several times. There was her declaration, there was her interview that precipitated the declaration with the state public defender. There was her deposition that we took. There was her testimony in court. And she just kept changing her story. And so based on inconsistencies in her story, her illogical explanation for identifying the wrong person, even though she was afraid. She was also, I gather, convicted during the interim of several crimes involving moral turpitude, right? That's correct, Your Honor. Was there not an appropriate consideration for the magistrate judge? Absolutely. So there were several reasons given for finding, that support the magistrate judge's finding that this witness was utterly without credibility. Putting that aside, Tisnow has conceded that this witness is not credible. So a witness can't, a petitioner can't come forward with a recantation and then say it's unreliable and therefore you can never trust what this witness ever said. That's not the SHLUP standard. It turns it on its head. And because he can't meet that standard, it was appropriate for the district court to find that he failed to make a credible showing of actual innocence to overcome both the statute of limitations and the procedural default. So to be sure we're all on the same page, under SHLUP, however you say it, we always say SHLUP here, but maybe it's SHLUP. Maybe it's SHLUP. Whatever it is. In this case, the district judge, I guess in this case the magistrate judge, found the 20 years, the inconsistency in the testimony, all those sorts of things. In order to find it differently, we have to find what, clear error? That's correct, Your Honor. So if we don't find clear error, then there's no SHLUP benefit, which means you don't get the gateway to get a new start. So Mr. Tissonneau is back to his claim that if he doesn't, well, the magistrate judge, Sue Esponte, barred him. Right. If counsel is correct that that was inappropriate, then from the government's perspective, what happens? He wants us to remand this to the district court. It's still an untimely petition, Your Honor. One way or another, the time has run, it's too late for anything else. That's correct. And so the petition was facially untimely, and petitioner failed to meet his burden of saying he was entitled to a later trigger date of the commencement of the statute of limitations. Just, I see I have a minute, I would like to address the remand motion that's currently pending before this court. Tissonneau has repackaged his motion for indicative ruling that was filed in the district court in 2017 into this remand motion. It would be futile to remand because the district court has already determined that the identical set of facts do not warrant relief in his case. And it would further be futile to remand to the district court because Tissonneau has an untimely petition, and he has yet to exhaust this new Brady claim as he says it is. Finally, nothing prevents Tissonneau from seeking relief in state court on his yet-to-be-articulated Brady claim. And I would like to point out that the theory underlying Tissonneau's claim, first of all, it's undisputed that Tissonneau knew at the time of his trial that Marks pointed out a photograph of Logie, I'm sorry, a photo of Tissonneau to Logie.  So now he argues that evidence that Marks pointed out a photograph of a defendant to a witness in another case would have undermined Logie's idea of Tissonneau. And that simply does not follow. So this court should deny the motion for remand. The district court properly denied relief in this case, and we respectfully request that the district court judgment be affirmed. Any questions by my colleagues? None. Thank you. Thank you very much, counsel. So we have a little rebuttal time. Thank you, Your Honors. This petition wasn't untimely. The district court has made no finding that this was untimely. In fact, the district court's finding was the record currently before the court is not sufficient for the court to make a determination of when the statute of limitations, when the limitation period commenced running with respect to the operative claims in the petition. But it's Clark, isn't it? Isn't that what we're dealing with? I'm sorry, under the federal statute of limitations. Okay. So this argument that we are untimely, that's premature. There has been no finding on that. And if the court finds that the procedural default is waived, you can send us back to the district court, and the district court can hold a hearing on whether we're untimely. What's your best authority that the magistrate judge or, for that matter, a district judge has no authority sui sponte to do what the judge did in this case, that is, to bring this up and then deny any relief? I think Vang v. Nevada, the Boyd case, those are the two best cases I can offer. And even Day v. McDonough, where the Supreme Court, granted, is talking about raising the federal statute of limitations sui sponte, it talks very specifically to raising it early in the case, not in the report and recommendation. Just a few other quick points. The district court was actually quite clear in its ruling that it was not finding that the California Supreme Court invoked a timeliness bar. It expressly stated that it disagreed with the state that it was invoking a timeliness bar. And it specifically said that the pages refer to repeated applications for habeas corpus claims, and then in parentheses, or possibly piecemeal litigation. If this is reviewed de novo, which you suggested, she agrees, my colleague has pointed out, then are we individually, as three judges, in a position then to determine whether or not, in the interest of federalism, comedy and judicial efficiency, that it should be denied sui sponte at our level as well? Yes, you can do that, looking at the other two factors as well. Yes. And then finally, with respect to the actual innocence showing, with respect to the motion to remand, this is the same case as Gallegos, where this court remanded on a finding that new Brady material about the lead police officer in the case from a separate case warranted sending the case back to district court and allowing the petitioner to, at least giving the petitioner the opportunity to amend his petition with a new Brady material. Okay, time is up, but thank you very much for your argument. Any other questions by my colleagues? No, thanks.
judges: Fernandez, M. Smith, Christensen